**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4142**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WALTEZ JEMEL LATHAM,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  J. Michelle Childs, District Judge.  (8:13-cr-00266-JMC-1)

---

Submitted: August 20, 2014      Decided: September 3, 2014

---

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Waltez Jemel Latham appeals his conviction and twelve-month sentence imposed following his guilty plea to escape from a correctional institution, in violation of 18 U.S.C. § 751(a) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for review but questioning whether the district court committed procedural sentencing error by declining to apply a seven-level downward adjustment to Latham's base offense level pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2P1.1(b)(2) (2013). The Government has declined to file a response brief. Latham was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010) (internal quotation marks omitted). We will find a court's factual finding clearly erroneous "only if we are left with the definite and firm conviction that a mistake has been committed." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted), cert. denied, 134 S. Ct. 1528 (2014).

The Guidelines permit courts to apply a seven-level downward reduction to the base offense level if the defendant "escaped from non-secure custody and returned voluntarily within ninety-six hours." U.S.S.G. § 2P1.1(b)(2). The Guidelines define "non-secure custody" to mean "custody with no significant physical restraint." U.S.S.G. § 2P1.1 cmt. n.1. Examples include, but are not limited to, leaving "a work detail outside the security perimeter of an institution," failing to return from a furlough or pass, and "escap[ing] from an institution with no physical perimeter barrier." Id. Our review of the record reveals no clear error in the district court's finding that the facility from which Latham escaped was not "non-secure custody," and no error in the court's decision not to apply the desired reduction on this basis.

In accordance with Anders, 386 U.S. 738, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Latham's conviction and sentence. This court requires that counsel inform Latham, in writing, of the right to petition the Supreme Court of the United States for further review. If Latham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Latham.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>